IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM E. HUDSON and ANNA YOUNG, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C. A. No. 09-332 (GMS) ) |
| AARON RENTAL CO., INC. et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

### I. INTRODUCTION

On May 7, 2009, the plaintiffs, William E. Hudson and Anna Young (collectively, the "plaintiffs") filed the above-captioned action *pro se* against Aaron Rental Co., Inc. ("Aaron"), Store Manager, and Associate (collectively, the "defendants"), alleging violations of their constitutional rights based on their race. Presently before the court is the defendants' motion to dismiss the plaintiffs' complaint. (D.I. 11.) For the reasons that follow, the court will deny the defendants' motion. The court, however, will *sua sponte* dismiss the plaintiffs' claims without prejudice, and with leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008).

### II. BACKGROUND

The following facts are taken from the plaintiffs' complaint. On May 5, 2007, the plaintiffs went to Aaron, in Seaford, Delaware, to make a bi-weekly rental payment. (D.I. 2 ¶ 9.) Upon entering the store, the store manager and several associates escorted the plaintiffs into a room behind the main counter and closed the door. (Id.) After closing the door, the store manager and associates threatened and harassed the plaintiffs. (Id.) Specifically, the plaintiffs were told that they could not

leave the store until they paid the entire balance of their rental accounts. (Id.) The store employees advised the plaintiffs to call someone to get the money if they did not have it with them. (Id) According to the plaintiffs, they were forced to give the defendants all of the money in their pockets, or about $700.00. (Id.) The plaintiffs also had a friend go to a cash advance loan business to borrow the remainder of the balance to pay the defendants. (Id.)

For the next month, the defendants "harassed and terrorized [the plaintiffs] at home." (Id.) The plaintiffs called the police for help, but got not assistance. The plaintiffs then filed their complaint.

On June 29, 2009, the court granted the plaintiffs' motion to proceed *in forma pauperis*. On July 17, 2009, the court issued an Order (D.I. 7) directing the plaintiffs to file U.S. Marshal-285 forms for each of the defendants, so that the Marshal could serve the defendants. The plaintiff's complied with the order and the Marshal served the defendants. On December 18, 2009, the court received a waiver of service form executed by the defendants. (See D.I. 10.) The defendants subsequently filed a motion to dismiss on December 19, 2009.

### III. STANDARD OF REVIEW

The court accepts as true all of the allegations contained in the complaint and draws reasonable inferences in favor the plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV. DISCUSSION

The defendants argue that dismissal is appropriate because the plaintiffs' claims are barred by the applicable statute of limitations. Alternatively, the defendants argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6), because the plaintiffs have sued an improper defendant, as Aaron is an entity that does not exist. The defendants further argue that dismissal of the claims against the store manager and associate is appropriate, because the plaintiffs have sued unknown individuals. The court addresses each of the defendants' arguments in turn.

### A. The Statute of Limitations

The defendants first argue that dismissal is appropriate because the statute of limitations bars the plaintiffs' claims. As previously noted, the plaintiffs filed their complaint on May 7, 2009, alleging violations of their constitutional rights. The defendants characterize the plaintiffs' claims as falling under 42 U.S.C. § 1983. The court disagrees[1] and concludes that the plaintiffs' claims are properly assessed under 42 U.S.C. § 1985(3).[2] (See D.I. 14 at 3 ("The claim falls better under 42 U.S.C. subsection 1985 than 42 U.S.C. subsection 1983.").)

---

[1] A plaintiff alleges a cause of action under 42 U.S.C. § 1983 when: (1) the conduct complained of was committed by a person acting under color of state law and, (2) the conduct deprived the plaintiff of a right or privilege secured by the Constitution or law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Here, the plaintiffs do not allege that they were deprived of their Constitutional rights by a person acting under color of state law. Thus, their claims are not properly analyzed under 42 U.S.C. § 1983.

[2] 42 U.S.C. § 1985(3) provides, in pertinent part:

If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

3

Turning to the defendants' statute of limitations challenge, the court notes that there is a two year statute of limitations period for § 1985 claims. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996); *see also Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). Accrual of a section 1985 claim is governed by federal law. *Long v. Bd. of Educ. of Philadelphia*, 812 F. Supp. 525, 530 (E.D. Pa. 1993). A cause of action accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action. *See Sameric Corp. of Delaware, Inc., v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

The Third Circuit Court of Appeals has concluded that the statute of limitations expires on the anniversary date of the event in issue. *Monkelis v. Mobay Chem.*, 827 F.2d 937, 938 (3d Cir. 1987). In determining the final date of the limitations period, the method of calculation used is that found in Rule 6 of the Federal Rules of Civil Procedure, at least in non-diversity cases. *Id.*; Fed. R. Civ. P. 6. Rule 6(a) provides that, in calculating time, when the period is stated in days or a longer unit of time to exclude the day of the event that triggers the period; count every day, including intermediate Saturdays, Sundays, and legal holidays; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1). It further provides that if the clerk's office is inaccessible on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. *Id.* at (a)(3). The last day ends for electronic filing, at midnight in the court's time zone; and for filing by other means, when the clerk's office is scheduled to close. *Id.* at (a)(4).

The complaint alleges that the unlawful acts first took place on May 5, 2007, and continued for thirty days. Therefore, the plaintiffs knew or had reason to know that any injury suffered as a result of the alleged wrongful acts occurred on May 5, 2007, and their claims accrued on that date. Pursuant to Rule 6(a)(1)(A), the two-year period began to run on May 6, 2007. Under the provisions of Rule 6, plaintiffs had until midnight May 5, 2009, the anniversary of date of the event, to file their complaint. The plaintiffs did not file their complaint until May 7, 2009. Thus, their complaint is time barred.[3]

The continuing violations doctrine, however, "is an equitable exception to the timely filing requirement." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quoting *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995)). "Thus, 'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.'" *Cowell*, 263 F.3d at 292 (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)).

---

[3] The general rule is that filing requirements are "not satisfied by the mere mailing of the necessary papers within the allotted time." *Hunt v. Chase*, Civ. No. 09-531, 2010 WL 235118, at *3 (W.D. Pa. Jan. 15, 2010) (citations omitted). An exception occurs where the court receives papers in a timely fashion, but does not stamp them until a later date. *Id.* (citing *Manganiello v. Sec'y of HHS*, No. 83 Civ. 0426, 1983 WL 44218, at *1 (S.D.N.Y. Sept. 19, 1983); *Freeman v. Giacomo Costa Fu Andrea*, 282 F. Supp. 525 (E.D. Pa.1968); *Hetman v. Fruit Growers Express Co.*, 200 F. Supp. 234 (D.N.J. 1961); *Johnson v. Esso Standard Oil Co.*, 181 F. Supp. 431 (D.C. Pa. 1960)). The plaintiffs contend that they mailed the complaint on May 2, 2009, with next day delivery to the District Court. (See D.I. 12 at 1.) The envelope in which the plaintiffs mailed the complaint, however, is post-marked May 6, 2009, and it was received by the clerk's office the next day, on May 7, 2009, at 2:06 P.M. (*See* D.I. 2-2 at 6.) The complaint was filed on May 7, 2009, the day it was received, and two days after the expiration of the limitations period. This is not a prisoner case and therefore, the exceptions to timing requirements as set forth in the "prison mailbox rule" are inapplicable. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

To establish that the continuing violations doctrine should apply, a plaintiff must show that the defendants' conduct was "more than the occurrence of isolated or sporadic acts." *Cowell*, 263 F.3d at 292 (quotation omitted). In making this determination, the court will consider the following three factors: (1) subject matter - whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency - whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence - whether the acts had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights. *Id.* (citing *West*, 45 F.3d at 755 n. 9). The "degree of permanence" is the most important factor and, when considering this factor, the court must keep in mind that the "continuing violations doctrine should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims." *Cowell*, 263 F.3d at 295 (citing *Berry v. Bd. of Supervisors of La. State Univ.*, 715 F.2d 971, 981 (5th Cir. 1983) and *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1168 (4th Cir. 1991)).

The plaintiffs contend that they timely initiated the present action, because, in addition to holding them in the store, the defendants terrorized and harassed them every day for the next month. Further, the plaintiffs contend that the defendants' actions ceased only after they abandoned their homes at great cost. Given the plaintiffs' contentions, the court concludes that the continuing violations doctrine should apply to the present case.

Here, the plaintiffs' allegations demonstrate that the defendants' constitutional violations constitute the same type of discrimination or subject matter. Indeed, the defendants' alleged constitutional violations stem from the initial incident at Aaron. Further, the plaintiffs' have met the frequency factor for showing a continuing violation, in that the alleged unconstitutional acts were ongoing for at least a month with no break in the acts. In other words, the plaintiffs allege a

6

continued pattern of conduct by the defendants. Finally, the plaintiffs have met the degree of permanence standard. The court is mindful of the *Cowell* court's discussion of the policy rationale behind the statute of limitations, but finds that the plaintiffs in the present case had a duty to assert their claims when the defendants' alleged harassment ceased on or about June 6, 2007. Accordingly, balancing the equities of the case, the court concludes that the continuing violations doctrine relieves the plaintiffs from the statute of limitations for their section 1985(3) claim, and the court will deny the defendants' motion to dismiss on this ground.

### B. The 42 U.S.C. § 1985(3) Claim

The defendants next argue that the court should dismiss the plaintiffs' complaint because Aaron does not exist and is an improper defendant, and because the complaint names two unknown individuals – store manager and associate – as defendants. The court finds the defendants' argument without merit.[4] It is well accepted that "[d]oe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed." *Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir. 1998) (citation and internal quotation omitted); *see Blakeslee v. Clinton County*, 335 Fed. Appx. 248, 250 (2009) (unpublished) ("Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified."). In the present case, the plaintiffs' complaint does more than name John Doe defendants. Indeed, it avers that the store manager and an associate violated the plaintiffs' constitutional rights. Further, while Aaron argues that it is an improper defendant because it does not exist, the court's docket reflects that the defendants, including Aaron, submitted a waiver of service form on December 18, 2009.

---

[4] It is noteworthy that the defendants do not cite to a single authority for the proposition that the court should dismiss a complaint for naming an improper party and unknown individuals. Nor do the defendants present any analysis of the issue. Rather, their motion simply makes the bald assertion that the court must dismiss the complaint "as [the plaintiffs] have sued an improper defendant[,] . . . [and] have sued unknown individuals." (D.I. 11 at 3.)

Thus, Aaron cannot now complain that it is an improper defendant. For these reasons, the court will deny the defendants' motion to dismiss on this ground.

Although not raised by the defendants' motion, the court *sua sponte* addresses the sufficiency of the plaintiffs' 1985(3) claim. *See* 28 U.S.C. § 1915(e)(2)(B). In order to state a claim under 42 U.S.C. § 1985(3), the plaintiffs must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citing *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) and *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).

After having considered the plaintiffs' complaint, the court concludes that the allegations fail to state a claim for relief that is plausible on its face. While the complaint generally alleges actions taken by the defendants as a whole, it fails to allege any facts from which one could infer an agreement or understanding among the defendants to violate the plaintiffs' constitutional rights, or to discriminate against them under 42 U.S.C. § 1985(3). Accordingly, the court will dismiss the complaint for failure to state a claim. The court, however, will grant the plaintiffs leave to amend their complaint so that they may clarify the factual basis of their claims. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (instructing the court to permit a curative amendment if a complaint is vulnerable to Rule 12(b)(6) dismissal, unless amendment would be inequitable or futile).

Dated: July 6, 2010

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM E. HUDSON and ANNA YOUNG, ) ) ) Plaintiffs, ) ) v. ) ) AARON RENTAL CO., INC. et al., ) ) Defendants. ) ) | C. A. No. 09-332 (GMS) |

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss the Plaintiffs' Complaint (D.I. 11) is DENIED.

2. The court *sua sponte* finds that the plaintiffs' complaint fails to state a claim under to 42 U.S.C. § 9185(3) and dismisses the complaint without prejudice.

3. The plaintiffs shall file an amended complaint within thirty (30) days of the date of this Order, which clarifies the factual basis of their claims. Should the plaintiffs fail to file an amended complaint within the prescribed time, the court will dismiss this action.

Dated: July 6, 2010

CHIEF, UNITED STATES DISTRICT JUDGE